THEODORE BICKERMAN

*v.*

THE STATE OF ILLINOIS.

*Opinion filed December 12, 1890.*

WATERS—*claim for damages arising from the construction of a dam by the State; statute of limitations.* A claim for damages arising from the construction of a dam by the State must be presented within two years of the date of the closing of the dam or it will be barred by the statute of limitations.

*W. R. Fairbanks v. The State, ante page 1 followed.*

The petition of claimant was filed with the Auditor of Public Accounts on the 23d day of October, 1879.

The petition recites that the claimant is the owner in fee of the following described land: Lot two of the southeast quarter (S. E. ¼) of section thirty-six, containing 147.50; also the southeast quarter (S. E. ¼) of the southwest quarter (S. W. ¼) of section thirty-six (36), containing forty acres, all being in township thirteen north range nine east of the 4th P. M., Marshall county, Illinois.

The petition recites that these lands are bordering upon the Illinois river and that prior to the act complained of were susceptible of cultivation, raising thereon crops of grain; that in October, 1877, the State of Illinois had constructed a dam across said river near Copperas Creek which had permanently raised the level of the water in the river between three and four feet making the lands of claimant wet and unfit for cultivation whereby it is claimed the claimant has been greatly damaged.

The proof taken has tended to show that claimant had been damaged by the act of the State to some extent. The serious question is whether even conceding all that claimant states in his petition to be true, he has any lawful right to ask for an award against the State, by reason of the statute of limitations, which requires that all unliquidated claims against the State be filed within two years after the cause of action had accrued. We·

have found in a number of other cases where the proof was the same that the dam in the Illinois river at Copperas Creek which the State caused to be constructed was closed on the 21st day of October, 1877; that whatever was done by the State which tended to injure claimant was finished more than two years before the claimant's petition was filed. So that his cause of action, if any he had, was already barred by the statute of limitations. We have carefully considered the brief and examined the authorities cited by claimant's counsel. We do not think the cases cited apply. We have before had occasion to discuss this question in the case of W. R. Fairbanks v. The State and in the opinion filed in that case stated the reasons and cited the authorities that compelled us to hold as we thought then and still think that this claim and those involving the same are barred by the statute of limitations, and for that reason our conclusion is that this claim should be rejected.